|   |   |   |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

RICARDO VILLESCAS, #21667-078 §
§
*versus* § CIVIL ACTION NO. 4:15CV844
§ CRIMINAL ACTION NO. 4:13CR0102(9)
UNITED STATES OF AMERICA §

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Kimberly C. Priest Johnson. The Report and Recommendation of the Magistrate Judge (#13), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Movant filed objections to the Report and Recommendation. After a *de novo* review of the record, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

In Movant's objections to the Report and Recommendation, Movant states "[t]he issue at hand [] is whether a reasonable chance exists that a request of counsel for application of the minor role reduction would have led the [D]istrict [C]ourt to apply it." Movant argues:

> In the end, [Movant] was a supplier that had an occasional role in the conspiracy. He was responsible for 6.6 percent of the drugs involved in the overall conspiracy, and someone with that small of a role, is substantially less culpable than the average participant and those directing the conspiracy. Once he was sentenced based upon the drug quantity of the entire conspiracy and many times beyond his personal responsibility and well beyond what he could foresee, it was incumbent upon his counsel to request a minor role reduction. The failure to do so fell below an objective standard of reasonableness and prejudiced [Movant], who was sentenced based upon a guideline range of 108 to 135 months rather than 63 to 78 months.

#14 at 7-8.[1]

The Presentence Report states that Movant was responsible for 1.01 kilograms of methamphetamine and 1.36 kilograms of marijuana, corresponding precisely to the amount found on his person and in his home. Movant admitted, however, to supplying narcotics to his co-conspirators for a period of over sixty weeks. Assuming the activity lasted only sixty weeks, Movant admitted to buying at least one hundred and sixty-eight ounces of methamphetamine, or around 4.704 kilograms, over the course of the conspiracy. This does not take into account the amount of marijuana Movant bought over eight years, approximately 2.27 kilograms, or five pounds, per purchase, or the cocaine Movant bought, approximately 18.71 kilograms, or six hundred and sixty ounces. When determining Movant's sentence, the Court noted his habitual narcotic trafficking activities and the admissions constituting the totals above. Despite Movant's instant contentions otherwise, Movant was not simply one among many suppliers over the course of the conspiracy. Further, the placement of Movant's name in the indictment and that Movant was not charged with possessing a firearm has no bearing on whether he had a minor role in the offense for which he pleaded guilty. *See* #14 at 7. Finally, while the record does not suggest Movant took a managerial role, it does suggest Movant was a central and long-time actor in the conspiracy. In sum, Movant has not shown the Court would have applied a minor role adjustment, had his attorney so requested, as the totality of the circumstances do not show Movant was a mere minor participant.

---

[1] In his objections, Movant states, "the government did not allege, and the district court did not make a finding that [Movant] had reasonably foreseen any quantity of drugs in excess of 1.01 kilograms of meth." #14 at 7. In his factual statement, which the District Court adopted, Movant admitted that he "knew that the amount involved during the terms of the conspiracy involved 15 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 1.5 kilograms or more of methamphetamine (actual)." CR #173 at 1. Even if this did not occur, as shown below, Movant at least knew of a significantly higher quantity of drugs due to his personal contribution to the conspiracy.

It is accordingly **ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 1st day of June, 2018.

                                        MARCIA A. CRONE
                                    UNITED STATES DISTRICT JUDGE